The next case this morning is 520-336 People v. Parker. Arguing for the appellant, Marvin Parker, is Matthew Daniels. Arguing for the appellate, People of the State of Illinois, is Jennifer Camden. Each side will have 10 minutes for the argument. The appellant will also have five minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Morning, counselors. Good morning. If you all are both ready to go, and I'm assuming by being on camera you are, Mr. Daniels, you may begin. Thank you, Your Honor. May it please the courts. I'm Assistant Appellate Defender Matthew Daniels, and I represent the appellant, Marvin Parker. Your Honor, this appeal presents a textbook case of unreasonable assistance of counsel. Back in 2016, Mr. Parker filed a pro se post-conviction petition that raised a single claim, and that was that his due process right to a fair trial was violated because Judge Michael Cook was under the influence of heroin and had nodded out during the jury trial. The post-conviction proceedings advanced to second stage. Counsel was appointed, and counsel filed an amended petition. But that amended petition was woefully inadequate. The due process claim in the amended petition attached no affidavits and lacked any factual support. Additionally, there were a couple of new claims to get added to the amended petition by counsel, and similarly, none of those new claims are supported by any specific factual allegations or affidavits. During the motion to dismiss proceedings below, both the state and the trial courts alerted counsel to the pleading defects, but counsel never amended the petition to cure them, and consequently, the trial court dismissed the amended petition based off of the pleading defects. In short, what we have here is a record that reflects the presumption of compliance that was created by the Rule 651C certificate. I have a question. You said that the judge was under the influence of heroin or some kind of drug. Is there an affidavit or a doctor's testimony? What was used to prove that? Is there anything other than an accusation? In the pro se pleading, Parker said that Judge Cook was under the influence of heroin. So he's a doctor? No, he's not. So there's no such affidavit. Were there any tests done to show that was true? Pardon me? Any tests done to show that he was under the influence of a drug? A blood test, say, of the... There's none there. Not in the amended petition. The only evidence we have is what the defendant said, oh, he's under the influence. It's in the pleadings? Correct. Now, what we... That's what I'm trying to get at. Yeah. Oh, that's correct. Right, right. And so because there was no factual support, and this brings me to what I wanted to do is discuss some of the most clear-cut examples of unreasonable persistence. And Justice Welch, your question speaks to one of those examples I want to get to, which is counsel's handling of this pro se claim of a due process violation. Your question speaks to the point I wanted to make in that it's black letter law that reasonable assistance requires counsel to provide specific factual allegations and necessary supporting documents to substantiate a claim. And here, the amended petition fails to do that. The claim itself is just a single sentence. There are no affidavits whatsoever regarding the due process claim that are in the amended petition, not even one from Mr. Parker. And in fact, what the amended petition also did was remove the factual allegation that had been in the pro se petition that Judge Hook had knotted out at trial. Now, during the motion to dismiss proceedings, the trial court essentially throws out a lifeline to counsel regarding the pleading defect. And this came about during argument on the state's motion to dismiss. There, the trial court told counsel that this amended petition doesn't tell me anything about how this due process claim is viable. Now, in response, the post-conviction counsel doesn't ask for leave to file an amended petition. Instead, what he does is tell the court, your honor, that's why we need to have the evidentiary hearing so we can flush out these details. And the trial court said, no, that's not how this works. You don't get an evidentiary hearing until you have made a showing of a substantial violation of the constitutional violation at the pleading stage. The counsel doesn't ever follow through and ask to amend the petition to cure the defects. And as a consequence, the due process claim gets dismissed for lack of evidentiary support. So, in sum, what we have here regarding the due process claim is a failure to shape the claim into appropriate legal form and a fundamental misapprehension of post-conviction procedure. That's unreasonable and that rebuts the presumption of compliance. Now, the other two examples I want to highlight come from a couple of the new that are added by counsel in the amended petition. One of those examples is the actual innocence claim. There, counsel failed to provide any supporting documentation. Again, no factual allegations in support of the claim, no affidavits or other records. Instead, it's a four-word claim. Defendant maintains his innocence. During the motion to dismiss, we see more lifelines get thrown out to counsel regarding the pleading defect. The state's motion to dismiss articulates the elements for an actual innocence claim. Counsel doesn't do anything in response as far as amending to comply with those elements. And then during argument on the motion to dismiss, counsel is in conflict with the court and the trial court says, the case law is pretty clear, you need to have more than a conclusory allegation in order to state a valid claim here. Counsel still doesn't ask to amend the petition. And consequently, this claim gets dismissed for evidentiary support. So once again, we have counsel making a series of decisions during second-stage proceedings that are patently unreasonable and that rebuts the presumption of compliance. Now, the last example I want to highlight is an ineffective assistance of trial counsel claim regarding alibi witnesses. This is yet another example of counsel failing to provide any specific factual allegations or supporting documentation. The claim here is five words, failed to contact alibi witnesses. The amended petition doesn't specify who the alibi witnesses were that should have been contacted, doesn't say what those alibi witnesses would have said. There are no affidavits that are attached to the amended petition from any of these alibi witnesses about what they would have said, nor does the amended petition say anything about what the prejudice would have been regarding this claim. Once again, during the motion to dismiss proceedings, we see another lifeline that gets thrown out to counsel regarding the pleading defect. This time, it's found in the motion to dismiss once again. The motion to dismiss cites people versus Enos, which sets forth in pretty clear terms that when you make one of these types of ineffective assistance claims regarding the failure to investigate alibi witnesses, you've got to so that the court can make a determination about what difference the alibi witnesses testimony would have made to the outcome of the trial. But counsel didn't do that. There's no amendment, and this claim gets dismissed as well. So once again, we have a situation where counsel's decisions regarding this claim are unreasonable, and that rebuts the presumption of compliance. Your Honors, over 50 years ago, in People v. Garrison, the Illinois Supreme Court said that the appointment of post-conviction counsel is an empty formality unless proper representation is afforded. Here, Mr. Parker didn't get proper representation from his appointed counsel. What he got was an empty formality. We see that from the pleading, and we see that from his performance during the motion to dismiss proceedings. For that reason, this court should reverse and remand for further second stage proceedings with new counsel. I welcome any questions the court has. Justice Welch, Justice Vaughn, any questions? No questions. No questions. All right. Thank you, Mr. Daniels. You'll have time in rebuttal. Thank you, Your Honor. Ms. Camden. Thank you, Your Honor. May it please the court, counsel, Jennifer Camden on behalf of the people. Regarding the court's question about evidentiary support for the claim about Judge Cook, the amended petition did attach evidence in the form of a news article apparently published just prior to Judge Cook's sentencing hearing in his case that did suggest evidence of drug use around the time of the defendant's trial, but the post-commissioned counsel did not attach evidence of actual bias or prejudice that resulted to the defendant from that, and the trial court dismissed that claim in the petition based on that failing. Regarding the defendant's claim about counsel's performance, it's one thing for a reviewing court to find that a Rule 651C certificate has been rebutted where counsel fails to save a pro se claim from forfeiture by adding a claim of ineffective assistance of appellate counsel or by failing to attach an affidavit or otherwise explain its absence when a witness is named in the petition, because those are categorical examples of unreasonable assistance due to failure to make routine amendments, because those failure to make those amendments justifies dismissal and forecloses review on the merits. But the defendant in this case is not arguing that counsel failed to make a routine amendment to the claim about Judge Cook. In the opening brief, the defendant identified a specific non-routine amendment that he argued counsel could have made and the state responded in the answer brief that that amendment would have buttressed or added additional evidence that Cook was using drugs around that time, but that it would not have provided any evidence about the nexus between that and the defendant's own trial. And in fact, the state argued that this proposed evidence actually would have proved the defendant's due process rights were not violated. And in the reply brief, the defendant does not renew that contention and refuses to identify any non-routine amendment that was necessary for an adequate presentation of that claim. Instead, the reply brief at pages five and six makes an argument that I'd like to state in some detail because I have some responses to it. He's arguing first that defense counsel must have believed that that claim had merit or else he wouldn't have re-alleged it in the amended petition. Second, that the claim did not survive the motion to dismiss. And third, and therefore, that counsel did not comply with his rule 651C duty to make necessary amendments, because if he had, the petition would not have been dismissed, QED. My response is that this replaces the defendant's burden of coming forward with material that counsel should have added to the petition. Where counsel fails to make a routine amendment, it's easy enough for the defense to identify that on appeal, but the defendant's present argument involves an unidentified non-routine amendment that he claims that counsel unreasonably failed to add, and he neatly avoids the burden of naming it by presuming that material for a necessary non-routine amendment existed and presuming that post-conviction counsel knew of it. And that presumption has sprung into effect, according to the defendant, because counsel filed an amended petition that was dismissed. I want to say that this inverts the defendant's burden on appeal of rebutting the presumption that counsel substantially complied with the rule, and it replaces that burden with an irrebuttable presumption that counsel did not The defendant is asking this court to presume that counsel could have and should have done an unspecified something more to win a different result, because something more was obviously necessary because the claim was dismissed. That really does turn an appellant's burden of proving error on its head. Moving on to the remainder of the claims in the amended petition that were not raised in the pro se petition. The parties disagree about whether counsel's duties under Rule 651 extend to new claims not raised in the pro se petition, and it's the state's position that because counsel's duties do not extend to such claims, his performance as to those claims does not rebut a facially valid Rule 651C certificate, and that's based on the plain language of the rule and the opinions of the Supreme Court in the Pendleton and Davis cases, which all unequivocally state that counsel's duties relate to the petitioner's contentions, and it's just impossible to reconcile the plain language of the rule and of those opinions with the defendant's present arguments that counsel's duties under the rule extend to claims not raised in the pro se petition. Now, as his sole support for his reading of the rule, the defendant cites two unpublished Rule 23 orders as persuasive authority. The state's response is the plain language of the rule and those Illinois Supreme Court opinions govern even if unpublished orders from other districts are appointed, or sorry, are argued as persuasive authority to the contrary. I'd also note that the cited material from those two cases doesn't squarely address the threshold issue of whether counsel's Rule 651C duties extend to claims not raised in the pro se petitions. It's not clear whether the issue was argued in those cases as it's being argued here. Now, the defendant's argument in the reply is that when counsel chose to raise those new claims, he assumed a duty to present them adequately, and the unreported order in Nolan does contain some language to that effect, although it refers to an ethical duty rather than a Rule 651C duty, and this court should not conflate the two. The issue presented in this case is whether the record rebuts counsel's Rule 651C certificate that he complied with the limited duties imposed by that Rule, and the defendant's criticisms of counsel's performance relating to matters outside those duties is irrelevant to that question. Counsel's actions in filing that amended petition with those new claims can't expand the scope of the Rule. If the Supreme Court had wanted to define reasonable assistance as including any new claims that counsel chose to raise in an amended petition, it could have done so, but it didn't, and this court should not read new duties into the Rule. The defendant may have shown that counsel tried but failed to go above and beyond his Rule 651C duties, but the defendant has not met his burden of rebutting the presumption that counsel substantially complied with those three specific duties in the Rule, which again are limited to the claim raised by the petitioner, which in this case was the single claim related to Judge Cook, which again the defendant has failed to show that counsel made unnecessary amendments to that claim as well. So for those reasons and the reasons stated in the People's Answer Brief, we respectfully request that the court affirm. Thank you. Any questions, Justice Welch, Justice Barnes? No questions. All right, thank you. Mr. Daniels, you have time in rebuttal. Thank you, Your Honor. Two points of rebuttal. First, with respect to the due process claim, the trial court's order dismissing, if the court takes a look at it, it's saying it's dismissing that claim because it can't make sense of what evidence there is or isn't of drug use at the time of Mr. Parker's jury trial. There wasn't any sort of nexus established, and that's certainly something that I think the parties agree about needed to be established to show that there was a due process violation. And what the motion to dismiss argument demonstrates is that counsel didn't think he had to essentially provide that information at the pleading stage. He thought he could try and get that at an evidentiary hearing. He thought if I just pledged something, that will be good enough for now as a placeholder. And what counsel also said was essentially, I don't really know the answer to this question because it's impossible to know. But if the court takes a look at the appendix to our opening brief, which includes the federal sentencing order from Judge Cook's federal criminal case, it demonstrates that by March 2011, at the time of the jury trial in Mr. Parker's case, that we see that Judge Cook, by his own admission, was using heroin on a daily basis or other prescription painkillers. And he was also using cocaine two or three times a week. So there's some net nexus that was able to be established. You didn't even need a pacer account to get information. As you can see in the opening brief, a simple Google search would have brought up that sentencing order. Mr. Daniels, as I understand it, this trial was in 2011. Judge Cook was indicted in 2013. The post-conviction petition, amended petition, attached a newspaper article about the indictment. So do you think that is insufficient then to raise the issue of what his condition was in 2011 at the time of trial? On this record, I do, because certainly the trial court indicated it didn't see how there was a connection. In fact, even as late as the motion to, or the dismissal from Judge Katz, it reflects a misapprehension of the facts as we know them now. Because both during the argument, as well as during the motion to dismiss, it appears that Judge Katz was under the impression that nobody knew back, there was no way of knowing back in 2011, whether Judge Cook was using heroin or other illegal drugs at that point. Even the federal sentencing synopsis that you just mentioned, that Judge Cook admits he was using drugs back in 2011, there's still no showing that it impaired the trial, or affected the trial, or he was using on the day of the trial. I mean, there's still no evidence of that. Is there, that the trial counsel could have submitted? Well, that's a good question. I don't know. Karen, wait just a second. We've lost the opposing counsel, looks like. Okay. Is that right, Courtney? It is, yes. She had trouble a little bit earlier. Her computer crashed, so I will get her back. My last question. Thanks, Justice Fung. So, I'd like to respond in a couple parts. First, to the extent that actual prejudice was required as an element, the fact that there was nothing pled in the amended petition is still indicia of unreasonable assistance, because it goes back to that black letter law requirement that reasonable assistance requires counsel to provide specific factual allegations and supporting record. You can see that from our Supreme Court's decisions in Turner and in Johnson. We don't have that here. Additionally, I would also point out to the extent that the state's suggesting that the defense has a burden on appeal to show the merits, that that argument is misplaced under People v. Suarez, because Suarez makes clear that when your claim on appeal is simply unreasonable assistance, there's no harmless error analysis. And while the state contends that there is a differentiation in that rule based off of whether a 651c certificate has been filed, the logic of Suarez makes no such distinction. This court has repeatedly refused to make such a distinction, and it should continue to do so here. I guess that goes back to my question. The counsel had, as I understand it, maybe three options. He could have not filed anything, just stood on the pro se petition, or he could say to the court, I don't think this has merit. I asked to be withdrawn from the case. But if you file something, you've got to support it somehow. Is that accurate or am I mistaken? That's right, Your Honor. And our position is that he made that decision that there was merit, yet he failed to follow through with his duty to provide the appropriate supporting information and documentation that would allow this claim to proceed to an evidentiary hearing in third stage. But then my question is, if you think that's an issue, that the judge was on drugs, short of an affidavit from the judge, all he's really left with is the newspaper article. And you're saying that's not enough. So I'm not sure what else he could have or should have done. Well, at a minimum, he could... I see my time's expired. Go ahead and answer the question then, please. Sure. In a minimum, he could have kept in the allegation that Mr. Parker had in his pro se petition that the judge had been nodding off at trial, and he could have had an affidavit from Mr. Parker stating as much. At least then, at the pleading stage, you have a statement which has to be taken as true, and would have put him in a stronger position to have a substantial showing of a constitutional violation that would have got him to that evidentiary hearing. Thank you. Thank you, Your Honor. We'd ask that this court reverse and remand for further second stage proceedings with new counsel. All right. Thank you. Justice Welch, any further questions? No questions. Justice Long? No questions. All right. Thank you both for your arguments today. We will take the matter into consideration and issue our ruling in due course.